UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JEREMIAH BAREFIELD, § <br> # 697760, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> DISTRICT ATTORNEY SUSAN REED, § <br> SHERIFF AMADEO ORTIZ, § <br> § <br> § <br> § <br> Defendants § | Civil Action <br> No. SA-12-CA-965-XR |

**DISMISSAL ORDER**

Plaintiff Jeremiah Barefield filed a 42 U.S.C. § 1983 civil rights complaint. This Court ordered Plaintiff to pay the filing fee or submit a complete application to proceed in forma pauperis, including an institutional trust fund account statement, and to show cause why his civil rights complaint should not be dismissed. Plaintiff was informed that if he failed to respond to the order, his complaint would be dismissed for failure to prosecute and failure to comply with an order of this Court, pursuant to Fed. R. Civ. P. 41(b).

The time for compliance with this Court's order has expired. Plaintiff has not paid the filing fee or submitted a complete application to proceed in forma pauperis, and Plaintiff has not responded to the show cause order. Therefore, Plaintiff's complaint is dismissed pursuant to Rule 41(b) for failure to prosecute, failure to comply with this Court's orders, and for failure to pay the filing fee. *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997). Also, Plaintiff's complaint fails to state a claim for federal civil rights relief for the following reasons.

Plaintiff is incarcerated as a pretrial detainee in the Bexar County Adult Detention Center. Plaintiff alleges Defendant Susan Reed, Bexar County District Attorney, violated his right to a fair

trial within 180 days of the start of the criminal action, in violation of his federal constitutional rights. Plaintiff claims his defense has been prejudiced and he has endured extreme hardship. He contends Defendant Reed denied his right to an examining trial and Reed has asked the grand jury to indict even though Plaintiff asked for an examining trial.

Plaintiff asserts Defendant Amadeo Ortiz, Bexar County Sheriff, violated his constitutional rights by imposing cruel and unusual punishment. Plaintiff claims Defendant Ortiz allows pretrial detainees to be deprived of adequate time in the law library, sanitary and cleaning supplies, meals served at the required temperature, and phones to make unmonitored legal calls to their attorneys.

Plaintiff seeks compensatory and punitive damages.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," *i.e.*, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007). For the limited purpose of making these determinations, this Court assumes the factual allegations of the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g., Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

In a § 1983 civil rights action, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury. *See O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974).

Plaintiff's allegation that the prosecution failed to try him within 180 days as required by State law fails to state a claim. Violations of state law are not a basis for a federal civil rights claim. *See Brown v. Sudduth*, 675 F. 3d 472, 478 (5th Cir. 2012). Plaintiff also has no basis for a federal speedy trial claim because he does not allege he has been in custody in excess of one year. "Absent extreme prejudice or a showing of willfulness by the prosecution to delay the trial in order to hamper the defense, a delay of less than one year is not sufficient to trigger an examination . . . of the *Barker* [*v. Wingo*, 407 U.S. 514 (1972)], factors" governing a speedy trial claim. *Cowart v. Hargett*, 16 F. 3d 642, 647 (5th Cir. 1994).

In a § 1983 civil rights action, a plaintiff must allege and prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). Plaintiff does not allege Defendants Reed and Ortiz were personally involved in the actions he complains about, and he does not allege how Defendants Reed and Ortiz were responsible for a policy or custom giving rise to a constitutional deprivation.

3

A prosecutor as an advocate is absolutely immune from liability. *See Burns v. Reed*, 500 U.S. 478, 492 (1991) (prosecutor's presentation of evidence in support of search warrant was protected by absolute immunity); *Graves v. Hampton*, 1 F. 3d 315, 318 n.9 (5th Cir. 1993) ("A prosecutor is immune, however, even if accused of knowingly using perjured testimony"). Therefore, Defendant Reed is immune from suit.

Plaintiff's claim regarding an examining trial lacks merit. The right to an examining trial comes from state law, not federal law; therefore, denial of an examining trial is not a basis for a § 1983 civil rights claim. *See Texas v. Reimer*, 678 F. 2d 1232, 1233 (5th Cir. 1982). Moreover, "it is constitutionally permissible to refer a case directly to the grand jury without an examining trial." *Siwakowski v. Beto*, 455 F. 2d 915, 917 (5th Cir. 1972).

Furthermore, Plaintiff's complaint is conclusory. He does not allege facts concerning the alleged denial of an examining trial, the alleged failure to try him within 180 days, or how his defense was prejudiced therefrom. Plaintiff does not allege facts (e.g., who, what, where, when) about how he was personally deprived of, and harmed by being deprived of, adequate time in the law library, sanitary and cleaning supplies, meals served at the required temperature, and phones to make unmonitored legal calls to his attorney.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a qualified immunity defense is raised, it is the plaintiff's burden to reply to that defense in sufficient detail to overcome the defense or face dismissal. *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir. 1995) (en banc). Overcoming a qualified immunity defense requires a two-step analysis: the plaintiff must show the defendant violated his constitutional rights and the constitutional right

allegedly violated was clearly established at the time the events in question occurred. *Nerren v. Livingston Police Dept.*, 86 F. 3d 469, 473 (5th Cir. 1996). Defendants in their individual capacities are entitled to invoke qualified immunity and Plaintiff has failed to allege specific facts sufficient to show Defendants are not entitled to qualified immunity.

Accordingly, Plaintiff's § 1983 Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim, and because he seeks relief from immune defendants, and the complaint is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, failure to comply with this Court's orders, and for failure to pay the filing fee. All other pending motions are **DENIED** as moot.

**The Clerk of Court shall send a copy of this Dismissal Order and the Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so that this case may be recorded in the "Three-Strikes List."**

**It is so ORDERED.**

**SIGNED this 19th day of November, 2012.**

**XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE**